IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VIRGINIA BROOKS, etc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0302-WS-MU |
| | ) |
| **RANDALL B. KNUTSON, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the motion of defendant Randall Knutson to dismiss or, in the alternative, to quash service. (Doc. 36). The interested parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 36, 51, 55), and the motions are ripe for resolution. After careful consideration, the Court concludes that the motion to dismiss is due to be denied and that the motion to quash service is due to be granted.

## BACKGROUND

The plaintiff filed her complaint on July 8, 2021 against the defendant, a hospital, and two other physicians, asserting a claim for wrongful death. (Doc. 1). After the Court questioned *sua sponte* the pleading of subject matter jurisdiction, the plaintiff filed an amended complaint on July 19, 2021 adding jurisdictional allegations the Court deemed sufficient. (Doc. 6).

Counsel for the plaintiff, who filed the original and first amended complaints, is not admitted to practice in the Southern District of Alabama. He filed a motion for admission *pro hac vice* on August 18, 2021, (Doc. 34), the day after the Clerk brought the requirement to his attention. (Doc. 51-1). This motion was granted by the Magistrate Judge on August 19, 2021. (Doc. 38).

The plaintiff first attempted to serve the defendant by certified mail addressed to him at 750 Morphy Avenue, Fairhope, Alabama. This is the street address of Thomas Hospital. (Doc. 36 at 5 n.1). Process was signed for by one C. Thompson on July 14, 2021, with the box for "agent" checked. (Doc. 9 at 3). On the form return of service, the process server checked the box stating that Thompson "is designated by law to accept service of process on behalf of" the defendant. (*Id*. at 2).

After filing her amended complaint, the plaintiff again attempted to serve the defendant by certified mail at the Morphy Avenue address, with process signed for by Christie Thompson on July 28, 2021, again with the box for "agent" checked. (Doc. 14 at 3). The process server again checked the box on the form return of service stating that Thompson is designated by law to accept service of process on behalf of the defendant. (*Id*. at 2).

On August 5, 2021, the plaintiff obtained alias summons directed to the defendant. (Doc. 22 at 1). The return of service reflects that the process server served process on April Moore, Medical Staff Manager of Thomas Hospital, on August 12, 2021. (Doc. 32 at 2). The process server checked the box stating that Moore is designated by law to accept service of process on behalf of the defendant. (*Id*.).

The defendant moves to dismiss the original and first amended complaints on the grounds that they are nullities because plaintiff's counsel was not admitted to practice in this District, either in general or *pro hac vice*, when those pleadings were filed. (Doc. 36 at 1, 3-4). The defendant moves in the alternative to quash service on the grounds of insufficient service. (*Id*. at 1, 4-5).

### A. Admission to Practice.

Subject to certain exceptions inapplicable here, "all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court." General Local Rule 83.2. An attorney not already admitted to practice "who

appears as counsel by filing any pleading … in any case pending in this Court shall, contemporaneously with the filing of such papers, apply for admission *pro hac vice* ….." *Id*. Rule 83.3(d)(3). As noted, plaintiff's counsel did not do so, instead applying for admission *pro hac vice* over a month after the original complaint was filed.

A complaint filed in Alabama state court by one not a member of the Alabama bar, which is unaccompanied by a request for admission *pro hac vice* that complies with Alabama's Rule VII regarding the same, is a "nullity." *Black v. Baptist Medical Center*, 575 So. 2d 1087, 1088 (Ala. 1991). To support his motion, the defendant relies on *Black* but, as the plaintiff notes, (Doc. 51 at 2-3), he offers no authority for the proposition that *Black* applies in federal court.[1] On the contrary, the defendant acknowledges that "federal courts are not bound by state law" regarding admission to practice. (Doc. 55 at 10).

Instead, the defendant notes that this District has effectively adopted the Alabama Rules of Professional Conduct,[2] Rule 5.5(e) of which provides that "[p]racticing law other than in compliance with … Rule VII … of the Rules Governing Admission to the Alabama State Bar … shall constitute the unauthorized practice of law …." The defendant argues that plaintiff's counsel violated Rule VII, such that he engaged in the unauthorized practice of law as in *Black*, such that the pleadings he filed should be deemed nullities as in *Black*. (Doc. 55 at 9, 10-11). The Court cannot agree, for the simple reason that Rule VII does not apply to federal court proceedings.

---

[1] The defendant cites *Melson v. Commissioner*, 713 F.3d 1086 (11th Cir. 2013), and *Smith v. Commissioner*, 703 F.3d 1266 (11th Cir. 2012), but those cases simply applied the Alabama rule to their review of proceedings in Alabama state court. The defendant also cites *Hawkins Distributing, Inc. v. McKee Foods Corp.*, 2016 WL 4706938 (S.D. Ala. 2016), which likewise addressed a filing in Alabama state court. *Id*. at *3.

[2] "Attorneys appearing before this Court shall adhere to … the Alabama Rules of Professional Conduct." General Local Rule 83.3(i).

Rule VII addresses the "admission of foreign attorneys pro hac vice."  It applies to foreign attorneys appearing as counsel "before any court or administrative agency *of* the State of Alabama."  Rule VII.B (emphasis added); *accord* Rule VII.C, VII.E, VII.F, VII.J.  Rule VII was promulgated by the Alabama Supreme Court,[3] which routinely uses the phrase "courts of this State" to refer to state courts only, not to both state and federal courts.[4]  Moreover, the Alabama State Bar is heavily involved throughout the process,[5] while plainly it is not at the federal level.[6]  Finally, any effort by the state to regulate the appearance of attorneys in this District would presumably run afoul of 28 U.S.C. § 1654 and thus the Supremacy Clause.[7]  As the defendant offers no basis for believing that

---

[3] *H.R. v. State Department of Human Resources*, 612 So. 2d 477, 478 n.1 (Ala. Civ. App. 1992).

[4] *E.g.*, *Ex parte Killian Construction Co.*, 276 So. 3d 201, 213 (Ala. 2018); *Travelers Casualty and Surety Co. v Alabama Gas Corp.*, 117 So. 3d 695, 698 (Ala. 2012); *Ex parte Vulcan Materials Co.*, 992 So. 2d 1252, 1266 (Ala. 2008); *Eubanks v. Hale*, 752 So. 2d 1113, 1135 (Ala. 1999).

Rule VII.A permits admission *pro hac vice* "in a particular case before any court or administrative agency in the State of Alabama," but the same sentence clarifies that "administrative agency" is limited to an agency or similar entity (or officer thereof) "of the State."  It is thus clear that Rule VII.A's use of "in" does not signal an expansion of Rule VII to federal proceedings.

[5] The state bar approves the admission form, provides the court or agency with information about the applicant, keeps records of each order granting or denying an application, receives annual attorney certifications of their compliance with Rule VII, files with the Alabama Supreme Court a quarterly report on all applications, and enforces Rule VII.  Rule VII.D, VII.E, VII.G, VII.H, VII.K.

[6] The defendant identifies no instance in which the state bar has engaged in these activities in a federal proceeding.

[7] "In all courts of the United States, the parties may plead and conduct their own cases … by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  Pursuant to this statute, "a district court has discretion to adopt local rules that are necessary to carry out the conduct of its business," which "includes the regulation of admission to its own bar."  *Frazier v. Heebe*, 482 U.S. 641, 645 (1987).  This District having done so, "[t]he ability of federal courts to

Rule VII nevertheless applies to federal court proceedings, the Court concludes that it does not. Plaintiff's counsel therefore did not violate Rule VII, and the defendant's argument collapses.

The defendant next argues that the Court, though not bound to do so, should follow *Black* and declare the plaintiff's original and first amended complaints to be nullities. The defendant suggests the Eighth Circuit has embraced *Black*'s reasoning and that the Court should do likewise. (Doc. 55 at 9-10, 11-12). The Court declines the defendant's invitation.

In *Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005), the complaint was filed by two non-lawyer administrators on behalf of an estate, which was impermissible under Section 1654. *Id*. at 951-52. The Eighth Circuit then adopted, as the federal rule, the Arkansas rule articulated in *Davenport v. Lee*, 72 S.W.3d 85 (Ark. 2002), that a complaint filed by a non-lawyer is a nullity (and thus incapable of supporting relation back), based on the premise that "professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response," 401 F.3d at 952 (internal quotes omitted), which requires "represent[ation] by people knowledgeable and trained in the law." *Id*. (quoting *Davenport*, 72 S.W.3d at 94).

*Jones* (which did not cite *Black*) does not support the defendant's argument. *Jones*, *Davenport*, and every case (other than *Black*) cited by *Davenport*, involved filings by non-lawyers on behalf of others. 72 S.W.3d at 87-88, 93. In such a situation, the filer presumably is untrained in the law and generally is legally barred, regardless of training, from representing another under any circumstances. That a filing by a non-lawyer may be deemed a nullity therefore does not support

---

regulate those who appear before them cannot be controlled by state law." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 895 (2nd Cir. 2019).

an argument that a filing by a trained and licensed attorney who simply has not yet been admitted *pro hac vice* should also be deemed a nullity.[8]

The defendant identifies no jurisdiction, state or federal, that has adopted *Black*'s "nullity" rule with respect to pleadings filed by licensed attorneys without an accompanying (and flawless) application for admission *pro hac vice*. However appropriate that rule may be for Alabama tribunals, the Court finds it inappropriate for adoption in this District. General Rule 83.3(d)(3), like all local rules, "shall be applied to provide fairness and simplicity in procedure" and "to secure a just … determination of all proceedings." General Local Rule 1(b). To deem a complaint a nullity simply because, though filed by a licensed attorney, it is unaccompanied by an application for admission *pro hac vice* – at least when, as here, the application is submitted as soon as its absence is called to counsel's attention – cannot easily be considered fair or just, especially when, as here, the limitations period expires in the interim.[9]

### B.  Service of Process.

The defendant argues that all three of the plaintiff's attempts to serve him fail because the plaintiff has not demonstrated that the person accepting process was "an agent authorized by appointment or by law to receive service of process," as required by Rule 4(e)(2)(C). (Doc. 36 at 4-5).[10] "When service of process is

---

[8] The only proposition the *Davenport* Court extracted from *Black* is that "the proscription on the unauthorized practice of law is of paramount importance in that it protects the public from those not trained or licensed in the law." 72 S.W.3d at 93. Unlike a non-lawyer, plaintiff's counsel is trained and licensed in the law. (Doc. 34).

[9] An action for wrongful death "must be commenced within two years from and after the death of the testator or intestate." Ala. Code § 6-5-410(d). The decedent died on July 12, 2021. (Doc. 1 at 5).

[10] The first two service attempts were by certified mail. While Alabama's analogue to Rule 4 provides for service by certified mail, Ala. R. Civ. P. 4(i)(2), Rule 4(e)(2) does not. *E.g., Johnson v. Champions*, 2013 WL 275957 at *1 (S.D. Ala. 2013).

challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *accord Winston v. Walsh*, 829 Fed. Appx. 448, 450 (11th Cir. 2020). As this Court has noted, "where a plaintiff claims that the person on whom process was served was a defendant's agent, the plaintiff must present facts and circumstances showing that the agent had specific authority, express or implied, to receive service of process on the defendant's behalf." *Baxter v. Ameriquest Mortgage Co.*, 2005 WL 8158712 at *3 (S.D. Ala. 2005).

The plaintiff points out that Christie Thompson signed for the two certified mailings, which were addressed to Thomas Hospital's street address, checking the box for "agent." (Doc. 51 at 5-6). There are many types of agents, and the most the return receipt reflects is that Ms. Thompson is authorized by Thomas Hospital to receive mail. What the plaintiff must produce, however, is evidence that Ms. Thompson was the defendant's agent, by appointment or by law, for the specific purpose of accepting service of process on his behalf. Since the plaintiff offers none, the Court concludes that service was not effected by either of the certified mailings.[11]

On the plaintiff's third service attempt, the process server hand delivered process to April Moore at Thomas Hospital. According to the process server's affidavit, Moore identified herself at the time of service as the hospital's Medical Staff Coordinator and stated "that part of her job is to accept service on behalf of the doctors and staff who do not have an office or that are unavailable." Moore

---

However, because both parties analyze the issue only under Rule 4(e)(2)(C), the Court does so as well.

[11] The plaintiff does not rely on the process server's checking of a box stating that Thompson is designated by law to accept service of process on behalf of the defendant. Without some showing that the process server had personal knowledge that Thompson was so appointed, it is doubtful the plaintiff could have raised a fact issue regarding sufficiency of service even had she relied on the process server's *ipse dixit*.

"further stated that she had the authority to accept service on behalf of" the defendant. (Doc. 51-2 at 2). This evidence plainly does not indicate that Moore is authorized by law to accept service on the defendant, and the plaintiff does not suggest otherwise. The question becomes whether it supports the proposition that Moore is authorized by appointment to accept such service. It does not.

Agency necessarily requires a principal-agent relationship. Thus, "[t]here must be evidence that *the defendant* [the principal] intended to confer upon its agent the specific authority to receive and accept service of process for the defendant." *Baxter*, 2005 WL at 8158712 at *3 (emphasis added, internal quotes omitted); *accord* Charles Alan Wright & Arthur R. Miller, 4A Federal Practice and Procedure § 1097 (4th ed. April 2021 online update). According to Moore, however, accepting service of process is "part of her job," which means that any authority she had to do so was conferred by her employer (the hospital), not by the defendant. On its face, therefore, the process server's affidavit fails to create any fact issue as to whether Moore was authorized by appointment to accept service of process on behalf of the defendant.

The plaintiff asserts that her evidence places on the defendant the burden of producing an affidavit or other evidence negating the authority of Thompson and Moore to accept service on his behalf. (Doc. 51 at 8, 9). Because the plaintiff's evidence is incapable of supporting a finding that either Thompson or Moore had such authority, no burden ever shifted to the defendant to produce countering evidence.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**, and his motion to quash is **granted**. Service on the defendant is **quashed**.[12]

---

[12] The defendant does not seek dismissal for insufficiency of service of process, nor does he invoke Rule 12(b)(5). He moves only to quash service, which is a distinct

DONE and ORDERED this 21st day of September, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

remedy.  *Wilding v. DNC Services Corp.*, 941 F.3d 1116, 1127 n.2 (11th Cir. 2019).  Even had the defendant sought dismissal, Rule 4(m) would prohibit such relief before its 90-day service period expires.  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005).