IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VIRGINIA BROOKS, etc., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0302-WS-MU |
| | ) |
| RANDALL B. KNUTSON, etc., et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

The complaint was filed on July 8, 2021,[1] four days before the two-year statute of limitations expired. On October 7, the Court ordered the plaintiff to show cause why the action as to defendant Randall B. Knutson should not be dismissed without prejudice for failure to effect service of process within the 90-day period provided by Rule 4(m). (Doc. 65). The plaintiff has filed a response seeking additional time within which to serve the defendant, (Doc. 69), which the Court construes as a motion for such relief. The defendant has filed a brief in opposition, (Doc. 70-1),[2] and the deemed motion is ripe for resolution.

"[I]f the plaintiff shows good cause for the failure [of service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its

---

[1] Unless otherwise stated, all dates herein are in 2021.

[2] The defendant's motion for leave to file a brief, (Doc. 70), is **granted**.

discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether he is concealing defects in service, and whether the statute of limitations will bar the re-filing of the action should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

Between July 8 and August 12, the plaintiff attempted to serve the defendant five times. Twice the process server went to the defendant's residence on Ono Island, but no one answered the door. (Doc. 51-2 at 1). Twice the plaintiff attempted to serve the defendant by certified mail addressed to the defendant at the street address of Thomas Hospital, with both mailings signed for by one Christie Thompson. (Doc. 9 at 2-3; Doc. 14 at 2-3). On August 12, the process server delivered process to one April Moore, the medical staff manager at Thomas Hospital, who advised the process server "that part of her job is to accept service on behalf of doctors and staff who do not have an office or that are unavailable" and that "she had the authority to accept service on behalf of" the defendant. (Doc. 32 at 2; Doc. 51-2).

On August 19, the defendant moved to quash service, on the grounds that the plaintiff had failed to demonstrate that Thompson and/or Moore were his agents for the purpose of accepting service of process. (Doc. 36 at 4-5). The plaintiff responded with a brief and the process server's affidavit. (Docs. 51, 51-2). On September 21, the Court granted the motion to quash, ruling that the plaintiff failed to present evidence indicating that either Thompson or Moore was the defendant's agent for the purpose of accepting service of process. (Doc. 59 at 6-8).

On September 23, the plaintiff requested issuance of an alias summons, using the defendant's Ono Island address, which summons was issued the same day. (Docs. 61, 62). On September 25, the process server went to Ono Island, where she encountered a security guard. The process server requested entry to the

island in order to serve process on the defendant. The security guard called the defendant, who stated he was out of town. The security guard then denied the process server entry to the island. (Doc. 64-1).

On October 6, the 90-day period provided by Rule 4(m) expired. As of the date of this order, the record reflects no attempts by the plaintiff to serve the defendant since September 25.

The plaintiff argues she has good cause for an extension under Rule 4(m) because she "has acted diligently and with resolute determination," attempting service "at least nine times," but has been stymied by: denial of access to Ono Island; denial by Thomas Hospital staff of access to the defendant or information regarding his location; acceptance of service by Thomas Hospital staff; and the defendant's "avoidance over the telephone." (Doc. 69 at 5-6).

While the plaintiff claims nine or more service attempts, she has identified only the six described above. Without an identification of additional attempts, the Court cannot credit the plaintiff with more than six.

The plaintiff has not shown that the denial of entry to Ono Island on September 25 prevented her from serving the defendant, for the simple reason that she has offered no evidence that anyone "of suitable age and discretion" both "resides there" and was home at the time she sought entry. Fed. R. Civ. P. 4(e)(2)(B); Ala. R. Civ. P. 4(c)(1). The only evidence regarding occupancy is that the defendant resides there and that he was out of town on September 25. (Doc. 64-1).

Nor has the plaintiff shown that Thomas Hospital's alleged "den[ial] of access and all information about" the defendant prevented her from serving him. (Doc. 69 at 6). The plaintiff's evidence is as follows: (1) on August 12, the process server spent about 90 minutes at the hospital "searching" for the defendant and a co-defendant, culminating in her meeting with Moore upon a staff member's suggestion; and (2) on or about September 27, an employee of plaintiff's counsel called the hospital's emergency department and was told they could not tell him

3

whether the defendant was working that day or even whether he worked there at all. (Doc. 51-2 at 2; Doc. 64-2). The plaintiff's evidence regarding the August 12 visit does not state or suggest that anyone at Thomas Hospital interfered in any way with the process server's effort to find and serve the defendant. The refusal of emergency department staff to tell counsel's employee whether the defendant was working that day did not prevent service but at most made it less convenient for the process server to attempt service. The refusal of emergency department staff to confirm that the defendant works at Thomas Hospital was irrelevant, since plaintiff's counsel and the process server already knew he worked there. (Doc. 51-2 at 2; Doc. 64-2 at 2).

The conduct of Thompson in signing for receipt of the certified mailings was not, as the plaintiff argues, "faulty advice" that she was authorized by appointment or by law to accept service of process on behalf of the defendant, (Doc. 69 at 5), since process was mailed to Thomas Hospital and since her checking the box for "agent" on the green card thus signified only her agency to accept mail (not service of process) for the hospital (not the defendant). (Doc. 59 at 7). As this Court has noted, "the certified mail receipt, of itself, does not establish that the person signing for process was the defendant's agent for purposes of" accepting service. *Weckesser v. Sea Tow Corp.*, 2010 WL 11044009 at *2 (S.D. Ala. 2010) (citing *McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009)).

While Moore stated that she had authority to accept service on behalf of the defendant, she also made clear that her authority was conferred by Thomas Hospital and not by the defendant, as the law requires. (Doc. 59 at 7-8). "On its face, therefore, the process server's affidavit fails to create any fact issue as to whether Moore was authorized by appointment to accept service of process on behalf of the defendant." (*Id*. at 8). Just as a plaintiff cannot simply rely on a city attorney's representation that he will execute and return waiver of service forms, *Lepone-Dempsey*, 476 F.3d at 1279, 1281-82, a represented plaintiff cannot simply rely on a recipient's representation that she has authority to accept service of

4

process on behalf of a defendant when her own statements negate a legal foundation for that assertion, as to do so would constitute negligence incompatible with good cause.

The only evidence connecting the defendant with a telephone is the security guard's call to him on September 25, when the process server requested entry to Ono Island. The defendant said he was out of town, and the plaintiff does not contest the accuracy of that statement. Because there is evidence the guard could grant the process server access only if an owner granted permission, (Doc. 64-1 at 1), it may be inferred that the defendant withheld such permission. The plaintiff, however, has no evidence that anyone was at the defendant's residence on September 25 to accept service had the defendant granted permission to enter; without such evidence, the defendant's failure to grant entry could not have prevented service.

This Court has based a finding of good cause on a plaintiff's "substantial, repeated efforts," during the 90 days after filing the complaint, "to locate" the defendant. *Will-Burn Recording & Publishing Co. v. Universal Music Group Records*, 2008 WL 4793291 at *2 (S.D. Ala. 2008) (defendants' addresses as identified by the plaintiff were apparently invalid); *accord Cincinnati Insurance Co. v. Belkin Corp.*, 2008 WL 60402 at *1 (S.D. Ala. 2008) (plaintiff had to look for the defendant in Taiwan and then in China before attempting service pursuant to the Hague Convention). These cases are inapplicable here, because the plaintiff has at all relevant times known both the defendant's residence address and his work address and so was not required to "locate" him within the contemplation of these cases.

Because the plaintiff has failed to show that "some outside factor … prevented service," she has not established good cause. *Prisco*, 929 F.2d at 604. The question becomes whether the Court should provide her additional time to serve the defendant despite her inability to show good cause for her failure to serve him.

The plaintiff responds to this question by asserting that the defendant is evading service. She says this evasion is reflected in the following: (1) twice, no one answered the door at the defendant's residence; (2) once, the defendant told the Ono Island security guard that he was out of town; (3) the defendant lives on a private island; (4) once, the process server "searched" Thomas Hospital and talked to hospital staff; (5) once, hospital staff upon request provided no information regarding the defendant; and (6) the defendant has not authorized his lawyers to accept service of process on his behalf. (Doc. 69 at 7-8).

The plaintiff has offered no evidence that anyone was home on the two occasions no one answered the door, and no evidence that any residents were away in order to evade service. The plaintiff has offered no evidence that the defendant lied about his whereabouts, and no evidence that anyone was then at his residence to accept service. The plaintiff has offered no authority for the proposition that living in a gated community, of itself, constitutes evasion of service – especially when the plaintiff in fact gained access to the defendant's residence on two out of three attempts. The plaintiff has offered no details of what transpired at the hospital and thus no evidence of what exactly the process server experienced, no evidence of any obstacles to service she encountered, and no evidence that any such obstacles resulted from the defendant evading service as opposed to being the consequence of standard hospital practices regarding on-duty emergency department physicians. The same can be said of the plaintiff's telephone inquiry regarding the defendant's whereabouts. Finally, the plaintiff has offered no authority or legal principle to support the proposition that a defendant has any obligation to appoint his lawyers as his agents for accepting service of process. In short, the plaintiff has not demonstrated that the defendant is evading service within the contemplation of the authorities cited above.[3]

---

[3] The process server learned on September 25 that Moore "[wa]s no longer an employee of Thomas Hospital." (Doc. 64-1). The plaintiff posits that Moore was "terminated for accepting service." (Doc. 69 at 6). The evidence, however, does not

The plaintiff also argues she should receive additional time to serve the defendant because, were her claim against him to be dismissed without prejudice pursuant to Rule 4(m), the statute of limitations would bar any re-filed claim. (Doc. 69 at 7). The defendant counters that "the weight accorded this factor should be significantly diminished" because his dismissal will cause the plaintiff no "significant harm," in that this action will continue against two other defendants and in that a separate wrongful death action against different defendants remains pending in Tennessee. (Doc. 70-1 at 8). The defendant provides neither legal authority nor reasoned argument for the remarkable proposition that a wrongful death plaintiff's permanent loss of a claim against one defendant on limitations grounds is inconsequential for Rule 4(m) purposes so long as she can still pursue claims against other defendants for their separate conduct. Absent such authority or reasoning, the Court cannot accept the defendant's position.

As noted, the factors listed in *Horenkamp* are not exhaustive. This Court has identified as additional factors "whether [the] defendant would be prejudiced by the extension, and whether [the] defendant had actual notice of [the] lawsuit." *Will-Burn*, 2008 WL 4793291 at *2; *accord Belkin*, 2008 WL 60402 at *2. The plaintiff invokes the defendant's unquestioned notice of this lawsuit, (Doc. 69 at 8), as evidenced by his August 19 motion to quash. (Doc. 36). The defendant complains that his notice of the lawsuit is no substitute for service of process, (Doc. 70-1 at 9), but he does not dispute that it informs the calculus regarding discretionary extensions of time to effect such service. Nor does the defendant suggest he would be prejudiced by such an extension.

The defendant does argue that the plaintiff has exercised insufficient diligence to warrant an extension of time. (Doc. 70-1 at 6-7). The Court concurs

---

support even the proposition that Moore was fired, much less that she was fired because she purported to accept service on behalf of the defendant. Nor does the plaintiff rely on Moore's separation as reflecting that the defendant is evading service.

that the plaintiff's service efforts are less than exemplary.  Only three times in three months did the plaintiff attempt to serve the defendant at his residence, even though she was at all relevant times aware of the address.[4]  Only twice did the plaintiff attempt to serve the defendant by certified mail, and even then she mailed process to Thomas Hospital rather than to the defendant's residence.  Only once did the plaintiff attempt to serve the defendant at his workplace, and even then she instead served a person whose own statements negated her legal authority to accept service on the defendant's behalf.

Worse is the timing of the plaintiff's service attempts.  The complaint was filed on July 8, and five of her six service attempts occurred in the first 35 days thereafter.  The plaintiff knew at the time that her two efforts to serve the plaintiff at his residence had failed, and by August 19 the defendant's motion to quash alerted her to problems with her other three attempts.  Nevertheless, the plaintiff took no further steps to serve the defendant until after the Court granted the motion to quash on September 21.  The plaintiff then made a single, failed attempt to serve the defendant at his residence on September 25, and thereafter made no attempts at service, to this day.  In short, the plaintiff has attempted service only once in the past 88 days, and not at all in the past 44 days.

Upon consideration, the Court concludes that the finality of a dismissal of the defendant under Rule 4(m), combined with the defendant's timely notice of this action and his failure to identify any prejudice from an extension of time, warrants such an extension despite the plaintiff's desultory service efforts to date.

The plaintiff does not request any particular amount of time within which to serve the defendant.  Given that the plaintiff knows where the defendant lives and works, and given that she has already received (and squandered) an additional month to serve the defendant since the October 6 expiration of her Rule 4(m) allotment, the Court concludes that an extension of 30 days is appropriate.

---

[4] For reasons undisclosed by the record, the plaintiff elected to utilize a process server residing in Stockton, Alabama, (Doc. 32 at 2), almost 70 miles from Ono Island.

For the reasons set forth above, the plaintiff's deemed motion for additional time to perfect service is **granted**, and the plaintiff is allowed through and including **December 8**, **2021**, to serve the defendant and file satisfactory proof of same.  The plaintiff is cautioned that she will not receive a further extension of time without a stronger showing than she has presented on the instant motion.

DONE and ORDERED this 8th day of November, 2021.

>   s/ WILLIAM H. STEELE
>   UNITED STATES DISTRICT JUDGE